CONTESSA FOOD PRODUCTS INC., fka ZB Industries Inc., a California Corporation, Plaintiff—Appellant,

v.

LOCKPUR FISH PROCESSING CO. LTD., Defendant,

and

Berdex Seafood Inc.; The Mazzetta Company, an Illinois Corporation; Slade Gorton & Co., Inc., a Massachusetts Corporation; Hanwa American Corp., a New York Corporation; Fishery Products International Inc., a Massachusetts Corporation; Coast to Coast Seafood, Inc.; Sea Port Products Corporation, a Washington Corporation; Admiralty Island Fisheries Inc., a Corporation dba Aqua Star, Defendants—Appellees.

Contessa Food Products Inc., fka ZB Industries Inc., a California Corporation, Plaintiff—Appellee,

v.

Lockpur Fish Processing Co. Ltd., Defendant,

and

The Mazzetta Company, an Illinois Corporation, Defendant— Appellant.

Contessa Food Products Inc., fka ZB Industries Inc., a California Corporation, Plaintiff—Appellee,

v.

Lockpur Fish Processing Co. Ltd., Defendant,

and

Slade Gorton & Co., Inc., a Massachusetts Corporation, Defendant—Appellant.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Contessa Food Products Inc., fka ZB
Industries Inc., a California Cor-
poration, Plaintiff—Appellee,

v.

Lockpur Fish Processing
Co. Ltd., Defendant,

and

Hanwa American Corp., a New York
Corporation, Defendant—
Appellant.

Nos. 03–55415, 03–55469,
03–55502, 03–55581.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Jan. 3, 2005.

Gary Dukarich, Christie, Parker & Hall, LLP, Newport Beach, CA, for Plaintiff–Appellant.

Theodore A. Pianko, Esq., Christie Parker & Hale, LLP, Newport Beach, CA, Mitchell C. Tilner, Esq., Nina E. Scholtz, Esq., Horvitz & Levy, Encino, CA, Robert Helfing, Esq., Sedgwick Detert Moran & Arnold, Los Angeles, CA, Richard R. Mainland, Esq., Joshua D. Lichtman, Esq., Fulbright & Jaworski, LLP, Monica L. Thompson, Piper Marbury Rudnick & Wolfe, Chicago, IL, Keith E. Walden, Aaron L. Turner, Darren M. Harris, Esq., Spray, Gould & Bowers, Irvine, CA, David Lieberworth, Esq., Garvey Schubert & Barer, Seattle, WA, Jeffry A. Miller, Esq., Lewis Damato Brisbois & Bisgaard, San Diego, CA, Russell F. Rowen, Lerner & Veit, San Francisco, CA, David L. Prince, Esq., Law Offices of David L. Prince, Los Angeles, CA, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, GOODWIN and CLIFTON, Circuit Judges.

## MEMORANDUM *

Contessa Food Products, Inc. appeals dismissal on summary judgment of its copyright infringement claims against defendants Berdex Seafood Inc., Coast to Coast Seafood, Inc., Mazzetta Company LLC, Slade Gorton & Company, Inc., and Hanwa America Corporation. Contessa also appeals dismissal on summary judgment of its Lanham Act claims for disgorgement of profits and injunctive relief against the aforementioned defendants, as well as against defendants Fishery Products International, Sea Port Products Corporation, and Admiralty Island Fisheries, Inc. (collectively "Defendants"). Defendants Mazzetta, Hanwa America, and Slade Gorton cross-appeal the district court's decision denying their request for attorneys' fees under the Copyright Act. We affirm the dismissal of Contessa's copyright and trademark claims. We reverse the decision to deny Mazzetta, Hanwa America, and Slade Gorton attorneys' fees under the Copyright Act and remand to the district court for a determination of the reasonable attorneys' fees each incurred defending against Contessa's copyright claims.

Contessa acknowledges that these Defendants did not themselves copy its Boiling Shrimp Image, claiming instead that they are liable for contributory copyright infringement. *See Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S. 417, 435, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984) (explicitly recognizing contributory copyright infringement as a viable theory of liability under the Copyright Act). The three elements required to establish con-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tributary copyright liability are: (1) direct infringement by a primary infringer, (2) knowledge of the infringement, and (3) material contribution to the infringement. *MGM Studios, Inc. v. Grokster Ltd.*, 380 F.3d 1154, 1160 (9th Cir.2004); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir.1996) (noting that contributory liability is based in tort law and "stems from the notion that one who directly contributes to another's infringement should be held accountable").

Assuming, *arguendo*, that Contessa does have a protectable copyright in the Image,[1] the element of direct infringement is easily established given that it is undisputed that Lockpur Fish Processing Co., Inc. copied the Image with only *de minimis* modifications and placed it on some of the packaging it used to ship frozen block shrimp from Bangladesh to the United States. However, Contessa cannot succeed on a theory of contributory liability against any of these Defendants because it has failed to establish a genuine issue of material fact that any of the Defendants knew or had reason to know of Lockpur's infringement.[2]

■ Even assuming that some employees of at least some Defendants were aware that Contessa used the Image to market its product, there is no basis in the record for making the leap that they knew that Lockpur was using the Image on some of the inner packaging contained within the master cartons of shrimp it sold to Defendants when Defendants subsequently resold the shrimp without opening the master cartons. Furthermore, Lockpur only used the Image on some of its inner packaging. Therefore, even if some employees of Defendants did occasionally break open the master shipping cartons for sampling, quality control or partial sales, Contessa can only speculate that these employees saw the infringing packaging.

Mere speculation is not sufficient to create a genuine issue of material fact sufficient to defeat summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Therefore, the district court did not err in dismissing Contessa's copyright claims against all Defendants.

■ In addition, we reverse the district court's decision denying Mazzetta, Slade Gorton, and Hanwa America attorneys' fees under the Copyright Act. 17 U.S.C. § 505. It does not further the aims of the Copyright Act to force a party to defend itself against a charge of copyright infringement when the proponent of the copyright can produce no evidence from which a reasonable inference can be drawn that the party engaged in any infringing activity. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526–27, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Because there is no admissible evidence in the record that Slade Gorton, Hanwa America or Mazzetta

1. For the reasons discussed herein, we do not need to, and therefore we do not reach the issue of whether Contessa has a protectable copyright in the Boiling Shrimp Image.

2. Alternatively, Contessa could have pursued its claims on the basis of vicarious copyright infringement. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir.2004). However, Contessa would not have fared any better under this theory. In addition to proving direct infringement by Lockpur, Contessa would also have to establish that Defendants received a direct financial benefit from the infringement and that Defendants had the right and ability to supervise Lockpur. *See MGM Studios v. Grokster Ltd.*, 380 F.3d at 1164. Not only did Defendants not have the requisite control over Lockpur, there is no evidence in the record that Defendants received any benefits whatsoever from Lockpur's sporadic use of the Image on its inner packaging.

ever possessed, let alone distributed, the allegedly infringing packaging, the district court abused its discretion in denying their request for attorneys' fees. Accordingly, we remand to the district court for an individualized determination of the total amount of reasonable attorney's fees each incurred in defending against Contessa's copyright claims.

Furthermore, without reaching the issue of whether Contessa has a valid trademark in the Image, we conclude that the district court did not err in dismissing Contessa's trademark claims against Defendants. As an initial matter, Contessa has not introduced any evidence supporting a reasonable inference that five of the eight Defendants ever used the Image in commerce. 15 U.S.C. § 1125. Therefore, as a matter of law, defendants Mazzetta, Slade Gorton, Hanwa America, Sea Port Products, and Admiralty Island Fisheries cannot be held liable for trademark infringement, and thus as to these defendants Contessa is not entitled to any remedy under the Lanham Act.[3]

Although Contessa has introduced evidence supporting a reasonable inference that defendants Fishery Products, Berdex and Coast to Coast did distribute product in packaging containing the Image, we deny Contessa's request for disgorgement of profits because of an absence of any evidence supporting a reasonable inference that any of the Defendants willfully infringed its alleged trademark. *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir.1993). Likewise, we deny Contessa's request for injunctive relief because the district court did not abuse its discretion in concluding, *inter alia*, that where Defendants had permanently terminated business relations with Lockpur and had neither commercial interest nor motivation to use the allegedly infringing Image, there was not a reasonable likelihood that any allegedly infringing behavior would recur. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir.2003) (noting that the party moving for a permanent injunction must demonstrate that there is "some cognizable danger of recurrent violation" that is more than a "mere possibility") (internal citations omitted).

Therefore, as to all Defendants, we affirm the district court's dismissal of Contessa's request for disgorgement of profits under the Lanham Act, as well the district court's decision denying Contessa injunctive relief.

Costs are taxed against appellant Contessa.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

3. Contessa did not allege any theory of third party liability, nor would any of the Defendants be liable in trademark under any such theory. Third party trademark liability is even more narrowly circumscribed than third party copyright liability. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. at 439, 104 S.Ct. 774, 78 L.Ed.2d 574. Because there is no evidence that any of the Defendants were engaged in an apparent or actual partnership with Lockpur or induced Lockpur to infringe Contessa's mark, none of the Defendants could be found liable for either vicarious or contributory trademark infringement. *See Inwood Labs. v. Ives Labs.*, 456 U.S. 844, 854, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d at 265; *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143, 1150 (7th Cir.1992).